## PUBLIC UTILITY DISTRICT NO. 1 OF GRAYS HARBOR COUNTY WASHINGTON, Petitioner,

**PUGET SOUND ENERGY, INC.; PacifiCorp; Avista Corporation; Portland General Electric Company, Intervenors,**

v.

**Department of Energy; Bonneville Power Administration, Respondents.**

No. 04–71185.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Filed Oct. 11, 2007.

Schwabe Williamson & Wyatt Pacwest Center, Portland, OR, for Petitioner.

Marcus Wood, Esq., Stoel Rives, LLP, Richard George, Portland General Electric Co., Portland, OR, Kristin S. Dodge, Perkins Coie, LLP, Bellevue, WA, Gary A. Dahlke, Esq., R. Blair Strong, Esq., Paine, Hamblen, Coffin, Brooke & Miller, Spokane, WA, for Intervenors.

Jeffrey K. Handy, Esq. Jeffrey K. Handy, Esq., Office of the U.S. Attorney, Portland, OR, for Respondents.

Before: REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM [*]

Petitioners seek to challenge the Reduction of Risk Discount (or "litigation penalty") provisions of the 2001 Load Reduction Agreements ("LRA") BPA signed with PacifiCorp and Puget Sound Energy ("PSE") in May and June 2001, respectively. BPA did not conduct a public proceeding for the development of these contracts and did not publish the accompanying Record of Decision in the *Federal Register.* In October 2003, in response to a FOIA request from *The Oregonian,* BPA produced the contracts with PacifiCorp and PSE and posted the documents on its website. Petitioners filed this suit within 90 days of BPA posting the contracts on its website. A more comprehensive explanation of the 2001 LRAs and BPA in general can be found in our opinion, *Pub. Util. Dist. No. 1 of Snohomish County v. BPA,* 506 F.3d 1145 (9th Cir.2007), filed concurrently with this memorandum.

As an initial matter, we must determine whether we have jurisdiction to hear this appeal. Under the Northwest Power Act, we have "original subject matter jurisdic-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion over BPA's 'final actions and decisions' taken pursuant to the Act." *Portland Gen. Elec. v. BPA,* 501 F.3d 1009 (9th Cir.2007) (quoting 16 U.S.C. § 839f(e)(5)). We lack jurisdiction to adjudicate challenges to decisions taken by BPA that are not "final actions" or the implementation of a "final action." *Public Util. Dist. No. 1 of Snohomish County,* 506 F.3d at 1151. There is no dispute that the 2001 LRAs are final agency actions under *Bennett v. Spear,* 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); the question is whether Petitioner filed a timely challenge to the final action. Section 839f(e)(5) of Title 16 requires a petitioner to file suit "within ninety days of the time such action or decision is deemed final, or, *if notice of the action is required by this chapter to be published in the Federal Register, within ninety days from such notice,* or be barred" (emphasis added). If BPA was not required to publish the ROD in the *Federal Register,* then the petition is untimely. Thus, our authority to adjudicate the case depends on whether the Northwest Power Act required BPA to publish the ROD.

We need not make this determination here, as we address the issue of the "litigation penalty" in *Pub. Util. Dist. No. 1 of Snohomish County,* 506 F.3d at 1154–55, filed concurrently with this memorandum. Because we have addressed the issue in our opinion and remanded to BPA for further proceedings, we dismiss the petition for review as moot.

DISMISSED.